UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHOPPERTRAK RCT CORPORATION,<br>      Plaintiff,<br><br>vs.<br><br>OBJECTVIDEO, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

For their Complaint for Declaratory Judgment against ObjectVideo, plaintiff ShopperTrak, allege as follows:

**THE PARTIES**

1. ObjectVideo, Inc. ("OV") is a corporation organized under the laws of the state of Delaware and has its principal place of business at 11600 Sunrise Valley Drive, Suite 290, Reston, Virginia 20191.

2. ShopperTrak RCT Corporation ("ShopperTrak") is a corporation organized under the laws of the state of Illinois and has a place of business at 200 West Monroe Street, Chicago, Illinois 60606.

**JURISDICTION AND VENUE**

3. The claims herein arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patents).

- 2 -

5. Personal jurisdiction over OV is established in this district because OV has engaged in and continues to engage in continuous and systematic general business contacts with Illinois and this district. 735 ILCS 5/2-209.

6. Venue is proper in this district under 28 U.S.C. 1391(b) and (c).

## BACKGROUND

7. ShopperTrak is engaged in the development, manufacture, sale, and/or marketing of software for providing detecting, tracking, and counting shoppers, analyzing collected data, and improving labor scheduling, for businesses in the retail, hospitality, retail financial services, entertainment, and gaming industries.

8. Upon information and belief, OV is the owner and/or assignee of several awarded and pending U.S. and international patents relating to features and functions of intelligent video analytics. Two of the U.S. patents owned by OV are U.S. Patent No. 6,696,945 (attached as Exhibit A) and U.S. Patent No. 6,970,083 (attached as Exhibit B) (collectively referred to as "the OV Patents").

9. ShopperTrak's development, manufacture, sale, and/or marketing of software for providing detecting, tracking, and counting shoppers, analyzing collected data, and improving labor scheduling, do not infringe, either literally or under the doctrine of equivalents, any claim included in the OV Patents, even assuming they are valid or enforceable.

10. On January 11, 2013, Mr. Christopher Capuano, General Counsel and Vice President of Corporate Development for OV, forwarded a letter to Mr. Christopher Ainsley, President and Chief Executive Office, a copy of which is attached as Exhibit C to this complaint.

11. In the letter dated January 11, 2013, Mr. Capuano noted that OV holds 47 awarded and over 30 pending U.S. and international patents relating to key features and

functions of intelligent video analytics. He also noted that OV announced a patent amnesty program in early 2012, and has reached resolutions with Bosch and Pelco related to ongoing patent litigation. Mr. Capuano also attached a copy of the Stipulation and Order of Dismissal in the litigation against Bosch and Pelco.

12. Mr. Capuano further referenced in his letter of January 11, 2013, global patent licenses with eight companies and multiple agreements in process with other companies. Mr. Capuano also offered to commence patent licensing discussions related to "product lines that may overlap with our patent portfolio." The letter also noted that OV's "object is two-fold: to determine the appropriate one-time payment for the release of any damages relating to product shipments prior to 1/1/2013, and to establish a pay-as-you-go, per unit royalty agreement effective 1/1/2013."

## COUNT I

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,696,945

13. Plaintiff adopts by reference the allegations of the foregoing paragraphs as if fully restated herein.

14. OV has created an actual and justiciable controversy between itself and Plaintiff regarding whether Plaintiff has infringed any claim of U.S. Patent No. 6,696,945 ("the '945 Patent").

15. Plaintiff does not infringe, and has not infringed directly, indirectly, willfully or otherwise, any claim of the '945 Patent.

16. A judicial declaration of noninfringement of the '945 Patent is necessary and appropriate to resolve this controversy.

## COUNT II

### Declaratory Judgment of Noninfringement of
### U.S. Patent No. 6,970,083

17.	Plaintiff adopts by reference the allegations of the foregoing paragraphs as if fully restated herein.

18.	OV has created an actual and justiciable controversy between itself and Plaintiff regarding whether Plaintiff has infringed any claim of U.S. Patent No. 6,970,083 ("the '083 Patent").

19.	Plaintiffs do not infringe, and have not infringed directly, indirectly, willfully or otherwise, any valid claim of the '083 Patent.

20.	A judicial declaration of noninfringement of the '083 Patent is necessary and appropriate to resolve this controversy.

## COUNT III

### Declaratory Judgment of Invalidity of
### U.S. Patent No. 6,696,945

21.	Plaintiff adopts by reference the allegations of the foregoing paragraphs as if fully restated herein.

22.	The claims of the '945 Patent are invalid for failure to comply with one or more requirements of the Patent Laws of the United States including 35 U.S.C. §§ 102 and/or 103.

23.	Therefore, Plaintiff is entitled to a judgment declaring that the '945 Patent is invalid.

## COUNT IV

### Declaratory Judgment of Invalidity of
### U.S. Patent No. 6,970,083

24. Plaintiff adopts by reference the allegations of the foregoing paragraphs as if fully restated herein.

25. The claims of the '083 Patent are invalid for failure to comply with one or more requirements of the Patent Laws of the United States including 35 U.S.C. §§ 102 and/or 103.

26. Therefore, Plaintiff is entitled to a judgment declaring that the '083 Patent is invalid.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment:

a. Declaring that Plaintiff has not infringed any valid claim of the '945 and '083 Patents;

b. Declaring that the claims of the '945 and '083 Patents are invalid under 35 U.S.C. §§ 102 and/or 103;

c. Enjoining OV, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, and its parents, successors, and assigns, from directly or indirectly charging infringement, or instituting any further action for infringement of the '945 or '083 Patents against Plaintiff and/or any of its affiliates, customers, licensees, or potential customers or licensees, in connection with any product accused of infringement in this action;

d. Declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding Plaintiff their attorneys' fees, costs, and expenses that it incurs in connection with this action; and

    e. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: February 26, 2013

/s/ Michael A. Carrillo
Michael A. Carrillo
Daniel P. Albers
Erin J. Fox
BARNES & THORNBURG LLP
1 N. Wacker Drive, Suite 4400
Chicago, IL 60606
Tel: (312) 357-1313
Fax: (312) 759-5646

Attorneys for
Plaintiff ShopperTrak RCT Corporation

INDS02 TZV 1087379v3